UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL KAMA, An Individual,
ASEEL KAMA, An Individual,

     Plaintiffs,

vs.

WELLS FARGO BANK,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation,

     Defendants.

U.S.D.C. # _____
Lower Court No. 10-0341-CK
Judge _____
Mag. Judge _____

| Michael A. Reynolds (P28540) | Matthew J. Boettcher (P40929) |
|---|---|
| Attorney for Plaintiff | Patrick C. Lannen (P73031) |
| 24684 Hathaway St. | PLUNKETT COONEY |
| Farmington Hills, MI  48335 | Attorneys for Defendant |
| (248) 536-5030 | Wells Fargo Bank |
| | 38505 Woodward Ave., Suite 2000 |
| | Bloomfield Hills, MI  48304 |
| | (248) 901-4035 |

**NOTICE OF FILING REMOVAL**

**NOTICE OF REMOVAL TO FEDERAL COURT**

**VERIFICATION**

**PROOF OF SERVICE**

**PLUNKETT COONEY**

By: /s/ Patrick C. Lannen
Patrick C. Lannen (P73031)
Attorneys for Defendant
Wells Fargo
Plunkett Cooney
38505 Woodward Ave.
Suite 2000
Bloomfield Hills, MI 48304
248-901-4027
plannen@plunkettcooney.com
P73031

DATED:  February 5, 2010

Blmfield.17807.90781.1089457

STATE OF MICHIGAN

IN THE CIRCUIT COURT OF MACOMB

HADEL KAMA, An Individual,
ASEEL KAMA, An Individual,

      Plaintiffs,

                                Case No. 10-0341-CK

vs.

                                Judge Maceroni

WELLS FARGO BANK,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation,

      Defendants.

| Michael A. Reynolds (P28540) | Matthew J. Boettcher (P40929) |
|---|---|
| Attorney for Plaintiff | Patrick C. Lannen (P73031) |
| 24684 Hathaway St. | PLUNKETT COONEY |
| Farmington Hills, MI  48335 | Attorneys for Defendant |
| (248) 536-5030 | Wells Fargo Bank |
| | 38505 Woodward Ave., Suite 2000 |
| | Bloomfield Hills, MI  48304 |
| | (248) 901-4035 |

**NOTICE OF FILING REMOVAL**

TO:

Michael A. Reynolds (P28540)
Attorney for Plaintiff
24684 Hathaway St.
Farmington Hills, MI  48335

Clerk of the Court
Macomb County Circuit Court
10 N. Gratiot Ave.
Mt. Clemens, MI  48043

Mortgage Electronic Registration
Systems
1818 Library Street, Suite 300
Reston, VA 20190

Federal National Mortgage
Association (Fannie Mae)
One South Wacker Drive, Suite 1400
Chicago, IL 60606-4667

PLEASE TAKE NOTICE THAT Defendant, Wells Fargo Bank, N.A.

("Defendant"), has this day, filed a Notice of Removal, a copy of which is

attached hereto, in the offices of the Clerk of the United States District

Court, Eastern District of Michigan, Southern Division.

**PLUNKETT COONEY**

By: /s/ Patrick C. Lannen
  Patrick C. Lannen (P73031)
  Attorneys for Defendant
  Wells Fargo
  Plunkett Cooney
  38505 Woodward Ave.
  Suite 2000
  Bloomfield Hills, MI 48304
  248-901-4027
  plannen@plunkettcooney.com
  P73031

DATED:  February 5, 2010

Blmfield.17807.90781.1089457-1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL KAMA, An Individual,
ASEEL KAMA, An Individual,

      Plaintiffs,

                               U.S.D.C. # _____

vs.                            Lower Court No. 10-0341-CK
                               Judge _____

WELLS FARGO BANK,           Mag. Judge _____
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation,

      Defendants.

| Michael A. Reynolds (P28540) | Matthew J. Boettcher (P40929) |
|---|---|
| Attorney for Plaintiff | Patrick C. Lannen (P73031) |
| 24684 Hathaway St. | PLUNKETT COONEY |
| Farmington Hills, MI 48335 | Attorneys for Defendant |
| (248) 536-5030 | Wells Fargo Bank |
| | 38505 Woodward Ave., Suite 2000 |
| | Bloomfield Hills, MI 48304 |
| | (248) 901-4035 |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   Clerk of the Court
       Kassem M. Dakhlallah
       Attorneys for Plaintiff

       Defendant, Wells Fargo Bank, N.A. ("Defendant"), by its attorneys,

Plunkett Cooney, removes this action from the Macomb County Circuit

Court to the United States District Court for the Eastern District of

Michigan, Southern Division. In support of this Notice of Removal, Defendant states:

1. On or about January 25, 2010, this action was commenced against Defendants in the Macomb County Circuit Court.

2. Summons and Verified Complaint, Order For Temporary Injunction and Order To Show Cause, Ex Parte Motion for Temporary Injunction, Brief in Support, and Affidavit of Aseel Kama are attached as **Exhibit A**.

3. The documents attached as Exhibits "A" constitute all process, pleadings and orders received by Defendant and/or otherwise of record in this action.

4. This case is a civil action of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' Complaint purports to assert a federal cause of action against Defendants arising out of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. The case is, therefore, removable pursuant to 28 U.S.C. § 1441.

5. A Notice of Filing Notice of Removal to Federal Court and a copy of this Notice of Removal of Civil Action will be filed promptly with the Macomb County Circuit Court as required by 28 U.S.C. § 1446(d) and

copies of the same have been served upon Plaintiffs' counsel as verified by the attached proof of service.

6.     Defendant Wells Fargo Bank, N.A. has attempted to contact Defendants, Mortgage Electronic Registration Systems at 800-646-6377, and Federal National Mortgage Association at (800) 732-6643, but were unable to communicate with a representative of those entities, yet believes that no reason exists why these Defendants would not consent to this Removal.

7.     Based upon the foregoing, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq*.

**WHEREFORE**, Defendant requests that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

**PLUNKETT COONEY**

By: /s/ Patrick C. Lannen
       Patrick C. Lannen (P73031)
       Attorneys for Defendant
       Wells Fargo
       Plunkett Cooney
       38505 Woodward Ave.
       Suite 2000
       Bloomfield Hills, MI 48304
       248-901-4027
       plannen@plunkettcooney.com
       P73031

DATED:  February 5, 2010

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL KAMA, An Individual,
ASEEL KAMA, An Individual,

      Plaintiffs,

vs.

                               U.S.D.C. # _____
                               Lower Court No. 10-0341-CK
                               Judge _____

WELLS FARGO BANK,
                               Mag. Judge _____
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation,

      Defendants.

| Michael A. Reynolds (P28540) | Matthew J. Boettcher (P40929) |
|---|---|
| Attorney for Plaintiff | Patrick C. Lannen (P73031) |
| 24684 Hathaway St. | PLUNKETT COONEY |
| Farmington Hills, MI  48335 | Attorneys for Defendant |
| (248) 536-5030 | Wells Fargo Bank |
| | 38505 Woodward Ave., Suite 2000 |
| | Bloomfield Hills, MI  48304 |
| | (248) 901-4035 |

## CERTIFICATE OF SERVICE

      I hereby certify that on February 5, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I have mailed by United States Postal Service the foregoing paper to any parties that are not ECF participants or have not yet appeared or been served.

**PLUNKETT COONEY**

By: /s/ Patrick C. Lannen
    Patrick C. Lannen (P73031)
    Attorneys for Defendant
    Wells Fargo
    Plunkett Cooney
    38505 Woodward Ave.
    Suite 2000
    Bloomfield Hills, MI 48304
    248-901-4027
    plannen@plunkettcooney.com
    P73031

DATED:  February 5, 2010

Blmfield.17807.90781.1089457-1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL KAMA, An Individual,
ASEEL KAMA, An Individual,

      Plaintiffs,

                         U.S.D.C. # _____
vs.                         Lower Court No. 10-0341-CK
                         Judge _____
WELLS FARGO BANK,        Mag. Judge _____
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation,

      Defendants.

| Michael A. Reynolds (P28540) | Matthew J. Boettcher (P40929) |
|---|---|
| Attorney for Plaintiff | Patrick C. Lannen (P73031) |
| 24684 Hathaway St. | PLUNKETT COONEY |
| Farmington Hills, MI 48335 | Attorneys for Defendant |
| (248) 536-5030 | Wells Fargo Bank |
| | 38505 Woodward Ave., Suite 2000 |
| | Bloomfield Hills, MI 48304 |
| | (248) 901-4035 |

**VERIFICATION**

PATRICK C. LANNEN, first being duly sworn, states that he is the attorney for Defendant, and that the foregoing Notice of Removal is true in substance and in fact to the best of his knowledge, information and belief.

**PLUNKETT COONEY**

By: /s/ Patrick C. Lannen
     Patrick C. Lannen (P73031)
     Attorneys for Defendant
     Wells Fargo
     Plunkett Cooney
     38505 Woodward Ave.
     Suite 2000
     Bloomfield Hills, MI 48304
     248-901-4027
     plannen@plunkettcooney.com
     P73031

DATED:  February 5, 2010

Subscribed and sworn to before me
on February 5, 2010.
/S/ MARY E. KISELL
Notary Public
Oakland County, Michigan
My Commission Expires: 09-05-2012
Blmfield.P0597.P0597.1238460-1

2

# EXHIBIT A

Approved, SCAO        Original - Court       2nd copy - Plaintiff

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | |
| 16th JUDICIAL CIRCUIT | | 10 - 0341 - CK |
| COUNTY PROBATE | | |

Court address
40 N. Main Street,     Mt. Clemens, MI  48043            Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Hadel Kama & Aseel Kama<br>8823 Sunrise Drive, Unit 64<br>Sterling Heights, MI 48312 | v | Wells Fargo Bank, NA<br>P.O. Box 14411<br>Des Moines,, Iowa 50306-3411<br>c/o Trott & Trott<br>248 723-5052 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Michael A Reynolds (P28540 )<br>24684 Hathaway St<br>Farmington Hills 48335 |

MACEROM
P 1502

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| JAN 25 2010 | APR 26 2010 | Carmella Sabaugh |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in 41-A DC, Sterling Heights, MI: Case 09-126205 LT _____ Court.
The action ☑ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 09 126 205 CT | Kimberly Wiegand | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Sterling Heights | Statewide |

| Place where action arose or business conducted |
|---|
| Sterling Heights |

| Date | Signature of attorney/plaintiff |
|---|---|
| 1/25/2010 | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**PROOF OF SERVICE**

SUMMONS AND COMPLAINT

Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

Signature _____ on behalf of _____

Approved, SCAO

Original - Court
2nd copy - Plaintiff
1st copy - Defendant
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| 16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 10 - 0 3 4 1 - CK |

**Court address**

40 N. Main Street,       Mt. Clemens, MI  48043

Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Hadel Kama & Aseel Kama<br>8823 Sunrise Drive, Unit 64<br>Sterling Heights, MI 48312 | v | Federal National Mortgage Association<br>c/o Trott & Trott<br>31440 Northwestern Highway, Suite 200<br>Farmington Hills, MI 48334<br>248 723-5052 |

Plaintiff's attorney, bar no., address, and telephone no.

Michael A Reynolds(P28540)
24684 Hathaway StFarmington Hills Mi 48335

MACEROMB
P. 16922

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| JAN 25 2010 | APR 2 6 2010 | Carmella Sabaugh |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in 41-A DC, Sterling Heights, MI: Case 09-126205 LT _____ Court.

The action ☑ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 09-126205 CT | Kimberley Wiegand | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Sterling Heights | Statewide |

Place where action arose or business conducted

Sterling Heights

| Date | Signature of attorney/plaintiff |
|---|---|
| 1/25/2010 | Michael A Reynolds |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

SUMMONS AND COMPLAINT
Case No.

PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |

| ☐ **OFFICER CERTIFICATE**    OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ |  | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____
                                              Date

_____ , _____ County, Michigan.

My commission expires: _____ Signature: _____
                              Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                            Attachments

_____ on _____
                                              Day, date, time

Signature _____ on behalf of _____

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
| 16th JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | 10 - 0 3 4 1 - CK |

JUDICIAL DISTRICT
16th JUDICIAL CIRCUIT
COUNTY PROBATE

Court address
40 N. Main Street,     Mt. Clemens, MI  48043                                    Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
| Hadel Kama & Aseel Kama<br>8823 Sunrise Drive, Unit 64<br>Sterling Heights, MI 48312 | v | Electronic Registration Systems, Inc<br>c/o Trott & Trott<br>31440 Northwestern Highway, Suite 200<br>Farmington Hills, MI 48334<br>248 723-5052 |

Plaintiff's attorney, bar no., address, and telephone no.
Michael A Reynolds (P 28540  )
24684 Hathaway St
Farmington Hills Mi 48335

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
| JAN 25 2010 | -- APR 2 6 2010 | |

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in 41-A DC, Sterling Heights, MI: Case 09-126205 LT _____ Court.

The action ☑ remains   ☒ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| 09-126205 LT | Kimberly Wiegand | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| Sterling Hgts. | Statewide |
| Place where action arose or business conducted | |
| Sterling Hgts | |

| Date | Signature of attorney/plaintiff |
| 1/25/2010 | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**     MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

SUMMONS AND COMPLAINT

PROOF OF SERVICE

Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
 together with _____
    List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                            Date

My commission expires: _____ Signature: _____
                              Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                                    Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
SIXTEENTH CIRCUIT COURT
MACOMB COUNTY

HADEL KAMA
An Individual,
ASEEL KAMA
An Individual

        Plaintiffs,

-vs-

WELLS FARGO BANK, NA,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.,
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation.

        Defendants.

`10 - 0 3 4 1 - C K`

CK

Case No.
Hon. MACERGH
P 1002

Michael A Reynolds  P28540
24684 Hathaway St
Farmington Hills Mi 48335

## REQUIRED STATEMENT

There is another civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint filed in the 41st District Court, Case No. _04-126205 LT_ , between the same parties involving a landlord tenant eviction matter. The case is closed.

             Michael A. Reynolds P28540

## **VERIFIED COMPLAINT**

    NOW COMES the Plaintiffs herein, Hadel Kama and Aseel Kama through their attorney Michael A. Reynolds, and for their Complaint respectfully represents unto this Honorable Court as follows:

    1.    Plaintiffs are residents of Macomb County, State of Michigan.

2.      Defendant Wells Fargo Bank, NA (hereinafter Fargo) is a Foreign Corporation, registered and conducting business in Macomb County, State of Michigan.

3.      Defendant Electronic Registration Systems Inc. , (hereinafterElectronic), is a Foreign Corporation, registered and conducting business in Macomb County, State of Michigan.

4.      Defendant, Federal National Mortgage Corporation, (hereinafter Federal), is a Foreign Corporation, registered and conducting business in Macomb County, State of Michigan.

## JURISDICTION

5.      Jurisdiction is proper in that the amount in controversy is in excess of $25,000.00 and this is an equitable proceeding involving land located in this jurisdiction

## FACTS

6.      On or about April 23, 2004, Plaintiff executed a mortgage with the Defendant, Electronic through its agents in the amount of $112,356.00 recorded in at Macomb County Records on property described as, 8823 Sunrise Drive, Unit#64, Sterling Heights, MI 48312-3624: Unit 64, Building 13, Sterling Woods Condominium, according to the Master Deed, recorded in Liber 9588, Page 603-665, Macomb County Records, amended in Liber 9652, Page 268, Macomb County Condominium Plan No. 668.

7.      Plaintiff's loan was originated by Defendant's Assignors which inflated various figures on the original loan application including but not limited to: (a) inflated

income, (b) understated expenses, understated liabilities, understated debt to income ratio and other non-disclosed items as required by Federal law.

8.  While at the closing, Plaintiff was not informed of various charges that later were to be assesses against them, they were never advised of the nature of the variable rate loan, they were never advised of their recision rights, they were never advised of the split charges and excess interest rate differentials split between the broker and the original lender, they were not informed of various costs that were over inflated as shown on the HUD settlement statement including: origination fees, loan discount fees, appraisal fees, Document preparation fees, broker processing fees lender underwriting fees, and a yield to premium adjustment fee to name a few.

9.  Later, Plaintiff's billing was sent with outrageous charges that were never disclosed and deductions from payments were made in a manner that kept adding on various late charges and other costs.

10. Plaintiff then had an agent send out various administrative complaints, (QRW), to the Defendants and various federal agencies on or about January 10th, 2009, complaining of deceptive lending practices. Plaintiff relied upon the time provisions allowed by such a process that a foreclosure sale and ultimate eviction proceedings would have been held in abeyance.

11. Additionally, on September 9th, 2009, a letter was sent out by Plaintiff's attorney complaining of various Federal and state discriminatory and predatory lending claims as set forth in more detail below.

3

12.   On or about June 27th, 2008, the alleged assignee of the mortgage, (Fargo), purchased the property at an advertised foreclosure sale regarding Plaintiffs property for which they received no notice by posting.

13.   Later after filing a Sheriff's deed based upon false information, the property was either assigned or sold to Defendant Federal, who instituted eviction proceedings in the 41st District Court which issued an order of eviction based on case number S-09-126205-LT.

## COUNT I

## REQUEST FOR A TEMPORARY INJUNCTION FOR STATE LAW CLAIMS

14.   Plaintiff adopts by reference the preceding paragraphs.

15.   That Defendants attempted to foreclose on Plaintiff's property by advertisement which was completed without Plaintiff's knowledge.

16.   Due to the allegations as set forth in Plaintiff's verified complaint and attached affidavits, they have meritorious defenses to the foreclosure by advertisement which includes:

   1.   Invalidity of the mortgage promissory note;

   2.   Lack of ownership in the mortgaging note raising standing issues to foreclosure;

   3.   Fraudulent and improper closing charges.

   4.   Violation of Defendants in this assessment of charges not allowed by contract through the use of the U.S. Mail;

4

5.     Violations of RESPA and other Federal Statutes; and

6.     Violations of Michigan's foreclosure by advertisement Statute.

17.     That unless this Honorable Court issues a Temporary Retraining Order with a proper injunctive order to follow, the Plaintiffs will suffer irreparable harm under MCR 3.310(B) by suffering a loss of title to their property and wrongful eviction by Defendant Federal and Fargo who has acquired title through fraudulent methods against state law.

WHEREFORE, Plaintiff respectfully requests of this Honorable Court to order Defendants to cease and desist from the foreclosure sale to third parties and to cease and desist from executing any eviction proceedings in the 41st District Court until the above issues can be adjudicated.

## COUNT II

## VIOLATION OF MICHIGAN'S FORECLOSURE BY

## ADVERTISEMENT STATUTE - MCL 600.3212

18.     Plaintiff adopts by reference the preceding paragraphs.

19.     That MCL 600.3212 states: "Every notice of foreclosure by advertisement shall accomplished by a proper advertisement for sale through successive advertisements in a local newspaper and proper posting on the residence itself.

20.     The required notice through posting was never accomplished which violated Michigan law and was more blatant since Plaintiff had requested a QWR investigation with the Defendant during the redemption period of time.

21.     That the publication and posting requirements of MCL 606.3208 have not been

complied with by the Creditor.

22.     That the Debtor also requests a proof of creditor's chain of title under MCL
660.3204(3).

WHEREFORE, Plaintiff requests this Honorable Court the following:

1.     Equitable relief setting aside the Sheriff's Deed and stopping any eviction
proceedings pending the outcome of the present litigation..

2.     Any other equitable relief available including damages for slandering
Plaintiffs' redemption rights in a public forum.

## COUNT III

## DECLARATORY RELIEF THAT THE NAMED DEFENDANTS

## ARE NOT HOLDERS OF THE MORTGAGE NOTE AND THEREFORE THE DEBT

## AND MORTGAGE IS NULL AND VOID

23.     Plaintiff adopts by reference the preceding paragraphs.

24.     MCL 440.3205(3) states: "....An obligor is not obliged to pay the instrument if the
person seeking enforcement of the instrument does not have rights of a holder in
due course and the obligor proves that the instrument is a lost or stolen
instrument."

25.     Upon information received, Defendants are not the owners and possessors of the
Mortgage note as it has been collateralized and sold off to other investors.

26.     That during, 2009, Defendant, Fargo although not the real party in interest,

6

conducted an illegal sale by advertisement and transferred the property into its own name by executing a false Sheriff's Deed and recording the same without proper notice.

27. On information and belief Defendant does not have the original executed mortgage note.

28. Due to the lack of ownership of the Note or the Mortgage by Fargo or Electronic, the improper execution of the mortgage sale and the transfer of property into the name of a party that lacks ownership rights or standing, any attempt to foreclose by them or their agents is null and void.

WHEREFORE, Plaintiff requests this Honorable Court for declaratory relief that:

1. Defendant Fargo is not the owners of the alleged Mortgage Note;

2. That the Mortgage Sale was not accomplished; and

3. The named Defendant does not have the right or authority to foreclose under the laws of the State of Michigan or by contractual right and sell or assign the property to Defendant Federal.

## COUNT IV

### QUIET TITLE RELIEF AS TO DEFENDANTS

29 Plaintiff adopts by reference the preceding paragraphs.

30 Plaintiffs are at all times the fee owners and in possession of the above described property.

31. Defendant Fargo has foreclosed on Plaintiff's property by a claimed right under

7

Michigan's Foreclosure By Advertisement Statute.

32.   That the claim of Defendants is invalid due to the following:

     a.   The Defendants are not a holder of the original Mortgage Note as defined by the laws of the State of Michigan.

     b.   Under Michigan's Foreclosure Statute the Defendants cannot enforce a security agreement not supported by a debt instrument in their possession.

     c.   The notice requirements of the Foreclosure Sale were in violation of Michigan's Foreclosure Statute.

     d.   Defendant Electronic engaged in fraudulent activity in closing the mortgage with excessive interest rate charges and other costs.

     e.   The Defendant Electronic and the assignors conspired with each other in creating a false mortgage loan application and fraudulent closing charges.

     f.   Since Defendant Fargo was not the owner of a mortgage note, they did not have standing to foreclose on Plaintiff's property and sell or assign the same to Defendant Federal.

     g.   Since this foreclosure action was brought under fraudulent representations that all Defendant knew was fraudulent, they cannot proceed to collect on the note in question and the mortgage is therefore a cloud upon Plaintiffs' title that was transferred out of their name.

    h.    Defendants committed fraud upon the Plaintiff by continuing with foreclosure sale and eviction proceedings while not responding to any of Plaintiff's request for answers to her deceptive lending request under her filed QRW complaint.

WHEREFORE, Plaintiff requests that:

1.    The Mortgage be declared illegal and void.

2.    Defendants had no standing to foreclose and be ordered to release to Plaintiffs all right, title and interest which Defendants claim, or appears to have in the above described land by reason of their claimed mortgage note and mortgage by order of this court in recordable form.

3.    Plaintiff has any other relief agreeable to equity or at law.

## COUNT V

## CIVIL CONSPIRACY

33.    Plaintiff adopts by reference the preceding paragraphs.

34.    Defendant Fargo as a loan Servicer and Defendant Electronic as the original lender has committed the following acts and practices:

1.    Overcharging Plaintiff's account on service fees;

2.    Overcharging Plaintiff's account on late fees and escrow fees;

3.    Plaintiffs was never advised of the nature of the variable rate loan, they were never advised of their recision rights, they were never advised of the

split charges and excess interest rate differentials split between the broker and the original lender, they were not informed of various costs that were over inflated as shown on the HUD settlement statement including: origination fees, appraisal fees, document preparation fees, broker processing fees lender underwriting fees, and a yield to premium adjustment fee.

4. Harassment by the use of U.S. Mail to extort fees and escrow amounts in excess of any contractual agreement;

5. Use of U.S. Mail to extort excessive fees that resulted in Plaintiff's continued classification in default status thereby impairing their credit and resulting in additional late charges;

6. Conspiring with Defendants to foreclose on Plaintiff's property through the use of Conversion and Fraud, while failing to respond to deceptive lending charges under the Federal RESPA Act..

7. Conspired with Defendants to foreclose on an amount that was not due and owing through the use of U.S. Mail system on a number of occasions and used state law in conspiracy with their agents on more than one occasion to wrongfully transfer property to their ownership and use.

35   That Defendants have a pattern and practice of using the U.S. Mail to defraud property owners out of their property by assessing bogus charges beyond their contractual amounts, foreclosing on their property and not responding to deceptive lending practices charges.

10

36.   That in committing the above acts, the above named Defendants have conspired to violate state law by committing the above acts.

37.   That the above acts were fraudulent in that Defendant Fargo and Electronic had actual knowledge that the above mentioned fees were false.

38.   That the above Defendants intended to defraud Plaintiffs out of their property by the use of the above acts through their common enterprise which included the use of the agents to conduct an illegal foreclosure and proceed with eviction proceedings while a QWR complaint was in the process of investigation.

WHEREFORE, Plaintiff demands that Defendants be ordered and directed to render a complete accounting of all funds received and/or disbursed, with respect to which the Plaintiffs have an interest, respond to their QWR request and judgment be entered against the said Defendants, for the amount of damages incurred by the Plaintiff as a result of the aforesaid scheme to defraud, the costs of this suit, including reasonable attorneys' fees, and such further relief as the Court shall deem just and appropriate.


## COUNT VI

## FRAUDULENT MISREPRESENTATION

39.   Plaintiff adopts by reference the preceding paragraphs.

40.   Defendants intentionally made false representations of material facts by sending out false statements with excessive charges, interest rates, and excessive escrow amounts which forced Plaintiff into foreclosure.

11

41.     Plaintiff's loan was originated by Defendant's assignor which inflated various figures on the original loan application including but not limited to: (a) inflated income, (b) understated expenses, understated liabilities, understated debt to income ratio and other non-disclosed items as required by Federal law.

42.     While at the closing, Plaintiffs were not informed of various charges that later were to be assesses against them, they were never advised of the nature of the variable rate loan, they were never advised of their recision rights, they were never advised of the split charges and excess interest rate differentials split between the broker and the original lender, they were not informed of various costs that were over inflated as shown on the HUD settlement statement including: origination fees, appraisal fees, Document preparation fees, broker processing fees lender underwriting fees, and a yield to premium adjustment fee to name a few.

43.     Defendants, through their agents, purposely deceived Plaintiffs by negotiating with them regarding a QWR complaint, never responding thereto and conducted the foreclosure sale and eviction proceedings in spite of the violation of the RESPA Act.

44.     Defendant's representations were false when they were made.

45.     Defendant knew that its representations were false when they were made or it made them recklessly, without knowing whether they were true.

46.     Defendant intended that Plaintiff relied on the representations.

47.     Plaintiff relied on Defendant's false representations.

12

48.   As a result of Defendant's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

WHEREFORE, Plaintiff requests that this court enter a judgment in their favor and against Defendant and award the following damages:

1.   Compensatory damages in an amount that is in excess of $25,000 and that is sufficient to compensate Plaintiff for actual, consequential, and incidental losses sustained as a result of Defendant's wrongful actions

2.   Exemplary damages in an amount in excess of $25,000 resulting from Defendant's intentional and malicious actions

3.   Interest, costs, and reasonable attorney fees

## COUNT VII

## FRAUDULENT CONVERSION

49.   Plaintiffs adopts by reference the preceding paragraphs.

50.   As a result of the above illegal acts taken by all the named Defendants, they have attempted to deprive Plaintiff of their property through illegal charges, violation of RESPA, violation of Federal Truth in Lending guide lines and the issuance of a foreclosure notice without proper standing to foreclose.

51.   That the attempted deprivation of property rights was accomplished knowingly and with intent to wrongfully deprive Plaintiffs of their residence.

52.   The acts described above constitute an unlawful conversion of Plaintiff's property, resulting in damages to Plaintiff in the amount in excess of $100,000.00.

13

WHEREFORE, Plaintiff requests that this court enter judgment against Defendants in the amount in excess of $300,000.00, ( treble damages),  plus interest, costs, attorney fees, and any other relief that the court may deem appropriate under the circumstances.

## COUNT VIII

## PROMISSORY ESTOPPEL

53.    Plaintiff adopts by reference the preceding paragraphs.

54.    Defendant's promise was clear, definite, and unequivocal and was specifically made to induce Plaintiff into a mortgage that she believed she could afford and induced Plaintiff into falsely believing her sale by advertisement would not occur while negotiations were taking place.

55.    In reliance on the promise, and to their substantial detriment, Plaintiffs closed on their mortgage and held off in taking any actions to stop their foreclosure sale.

56.    Despite Plaintiff's repeated requests and demands, Defendant has refused to transfer back the property or negotiate in good faith.

57.    To avoid injustice, this court must specifically enforce Defendant's promise to Plaintiff to negotiate a modification or recind the sale and set aside the foreclosure sale accomplished by fraud.

58..    At the time of making the promise and inducing the action on Plaintiff's part, Defendant could reasonably foresee that his failure to perform pursuant to the promise would cause the damages Plaintiff has suffered.

59.    As a direct and proximate result of Defendant's failure to perform, Plaintiff has suffered damages in excess of $25,000.

60.   Plaintiffs are entitled to a judgment of this court compelling performance by Defendant to transfer back title to his property wrongfully taken.

WHEREFORE, Plaintiff requests that:

1.   The Mortgage be declared illegal and void.

2.   Defendants have no standing to foreclose and be ordered to release to Plaintiffs all right, title and interest which Defendants claim, or appears to have in the above described land by reason of their claimed promissory note and mortgage by order of this court in recordable form.

3.   Plaintiff has any other relief agreeable to equity or at law.

## COUNT IX

## **BREACH OF CONTRACT**

61.   Plaintiffs adopts by reference the preceding paragraphs.

62.   Plaintiffs entered into a contract with Fargo and Electronics assignors originally.

63.   Defendants assignors assessed illegal charges on their HUD closing statement and began to assess excessive interest rate charges beyond the contractual amount allowed.

64.   Defendant Fargo continued to assess illegal escrow fees, penalties, interest and other illegal charges beyond what was allowed for in the original contract.

65.   Defendants then initiated a foreclosure based upon these illegal charges which resulted in continuing damages to Plaintiff's credit and the attempt to seize their property through Michigan's foreclosure statute.

66.   Defendant's conduct as described in this complaint constituted a breach of the contract between the parties and a breach of fiduciary duty by Defendant's assignors.

67.   Plaintiff has been damaged by Defendant's breach in the amount of in excess of $25,000.00.

68.   Plaintiff is being illegally subjected to this foreclosure action by being forced to defend the same and being charged illegal and predatory court costs and related fees and attorney fees along with having their credit slandered.

WHEREFORE Plaintiff requests that this court enter judgment in their favor and against Defendant in the amount of $25,000.00 plus interest at the statutory rate from the date of filing and that the court grant them such other and different relief as the court deems warranted.

## COUNT X

## VIOLATION OF REAL ESTATE SETTLEMENT
## PROCEDURES ACT 12 USC 2605 BY DEFENDANTS

69.   Plaintiff adopts by reference the preceding paragraphs.

70.   Defendant Fargo is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 USC Section 2605.

71.   Each of Plaintiff's written requests for information about their account and corrections of Defendants numerous errors were qualified written requests within the meaning of RESPA.

72. Defendant failed to respond in a proper and timely manner to Plaintiff's written request for validation, written request for a QRW investigation and correction of their account in violation of 12 USC Section 2605(e).

73. By committing all the above named acts as set forth in the factual statements in this complaint, Defendant Fargo has violated provisions of the Real Estate Settlement Procedures Act and also by failing to allow a proper amount of time for an investigation prior to their fraudulent foreclosure.

74. Defendants are also liable for not making proper disclosures at the time the closing occurred.

75. Defendants violated the RESPA Act in the following manner:

   a. Failing to respond in a proper and timely manner to Plaintiff's written request for validation and correction of their account in violation of 12 USC Section 2605(e)(2) and 24 CFR Section 3500.21(e)(3)(1996),

   b. Reporting to credit reporting agencies that Plaintiff was overdue and delinquent in violation of U.S.C. Section 2605(e)(4)(i).

76. By committing all the above named acts as set forth in the factual statements in this complaint, Defendants have violated provisions of the Real Estate Settlement Procedures Act and also by failing to allow a proper amount of time for an investigation prior to their fraudulent foreclosure and continuing its collection

efforts.

77. Defendants are also liable for not making proper disclosures at the time the closing occurred.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in their favor against Defendants for:

a. Declare that the subject loan was never in default or delinquent by reason of any conduct of the Parties;

b. Enjoin the Defendant from foreclosing on the subject loan, evicting the Plaintiff and reselling the subject property;

c. Award the Plaintiff actual and punitive damages for Defendants violation of RESPA;

d. Award the Plaintiff additional damages for Defendant's pattern and practice of noncompliance with RESPA, in the amount of $1000.00;

e. Award Plaintiff actual damages for Defendant's negligence;

f. Award Plaintiff's actual and punitive damages for Defendant's slander of title and conversion if applicable;

g. Award Plaintiffs attorney fees and costs under RESPA;

h. Award such other and further relief that the court

deems appropriate.

## COUNT XI

### VIOLATIONS OF THE FAIR HOUSING ACT

### 42 U.S.C. 3601

78. Plaintiffs adopts by reference the preceding paragraphs.

79. Defendants are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 USC Section 2605.

80. Prior to the filing of this lawsuit, the Plaintiffs served upon Defendants a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act ("RESPA"). A copy of the Qualified Written Request sent to Plaintiff is attached hereto as Exhibit "A".

81. During 2009, Defendants were sent a letter of noncompliance under RESPA and the Federal Fair Housing Act, which was never responded to.

82. 42 U.S.C. 3613 states:

"An aggrieved person may commence a civil action in an appropriate US District court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or breach of a conciliation agreement entered into under this Title...."

83. 42 U.S.C. 605 covers discriminatory lending practices which further defined under the Code of Federal Regulations; CFR 100.120, CFR 100.125 AND CFR 100.130.

84. That under the above named statutes and regulations the Defendants have committed the following acts or practices:

While at the closing, Plaintiffs were not informed of various charges that later were to be assesses against them ,they were never advised of the nature of the variable rate loan, they were never advised of their recission rights, they were never advised of the split charges and excess interest rate differentials split between the broker and the original lender, they were not informed of various costs that were over inflated as shown on the HUD settlement statement including: origination fees, appraisal fees, document preparation fees, broker processing fees lender underwriting fees, and a yield to premium adjustment. Furthermore, the Plaintiff was discriminated against by taking members of their class and applying for non-affordable loans from on application that falsely used inflated income to conceal a higher debt to income ratio. WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in their favor against Defendants for

20

improper application of mortgage payments and for

actual statutory  and for punitive damages,

cancellation of the mortgage debt, attorney fees and

costs along with any other relief this Court deems

just and proper.


Hadel Kama and Aseel Kama sworn, deposes and says that they
are the Plaintiffs in the above captioned action, that they
have  read  the  foregoing  complaint,  know  the  contents
thereof, and that the same is true of their own knowledge,
except as to those matters stated to be upon information
and belief, and as to those they believe them to be true.


Respectfully submitted,

Hadel Kama

Aseel Kama


Respectfully Submitted,

Michael A Reynolds (P 28540 )

Dated 1/25/2010

21

STATE OF MICHIGAN
SIXTEENTH CIRCUIT COURT
MACOMB COUNTY

HADEL KAMA
An Individual,
ASEEL KAMA
An Individual

        Plaintiffs,

-vs-

WELLS FARGO BANK, NA,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.,
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation.



'10 - 0 3 4 1 - C K

Case No. 10 - 0 3 4 1 - C K
Hon.

MACERON

P-16922

        Defendants.
Michael A Reynolds (P 28540)
24684 Hathaway St
Farmington Hills Mi 48335
(248) 536-5030

FILED 2010 JAN 25 PM 3: 15

## EX-PARTE MOTION FOR TEMPORARY INJUNCTION

NOW COMES Plaintiffs, Hadel Kama and Aseel Kama, by and through his attorney, Ziad P. Kased and moves this Court for issuance of a Temporary Restraining Order pursuant to MCR 3.310(B) because the basis for Defendant's claim for termination of tenancy is founded upon an improper transfer of subject property wherein a voidable Sheriff's deed was issued by mortgagee, Wells Fargo Bank, NA, (hereinafter Fargo),and transferred to Federal National Mortgage Association,(hereinafter Federal) without notice or authorization by Plaintiffs and states as follows:

22

1. Plaintiff is subject to an eviction proceeding in Macomb County filed on or about, April 6th, 2009 in the  41-A District Court upon the expiration of the current redemption period from foreclosure proceeding  that occurred during 2008.

2. During 2009 Plaintiff filed QWR (Qualified Written Request) claims asserting violations of RESPA (Real Estate Settlement Procedures Act), TILA (Truth in Lending Act) as well as predatory lending violations thereby placing mortgagor Deutsche on notice to resolve their claims.

3. To date, Mortgagee, Fargo, has not responded to claims nor made a good faith effort to resolve plaintiff's mortgage concerns prior to improper foreclosure sale.

4. Pursuant to RESPA regulations, mortgagee, Fargo had 60 business days to resolve claims identified in the aforementioned QWR's. Fargo chose to ignore the requests and subsequently deny Plaintiff's right to maintain interest in their property by instituting improper foreclosure proceedings.

5. After an appeal was dismissed on September 14, 2009,  Defendant received an eviction order against the Plaintiffs due to a sheriff's deed that was wrongfully issued which transferred ownership of Plaintiff's  property via a Sheriff's deed without proper notice and authorization from plaintiff resulting in the instant action of eviction in   41-A[th] District Court against plaintiff requiring a scheduled date of eviction.

6. Plaintiff disputes the actions by Fargo resulting in the transfer of ownership to Federal, in that, to allow the transfer would cause irreparable harm to Plaintiffs, causing  them to lose title and possession of their property  and all prior investments and mortgage payments made prior to the reasonable time required to seek full resolution with Fargo of Federal unless defendant,  Federal is restrained from proceeding with the eviction proceeding of the subject property.

7. The granting of Plaintiff's Temporary Restraining Order outweighs the harm against Defendant's right of notice in this action of eviction filed against Plaintiff because notice itself would precipitate the adverse action before an order could be issued prior to the scheduled date of eviction. Additionally, upon further proceedings by this Court Plaintiff would then reserve the right to file suit against his Mortgagee and other agents involved in the servicing and application of the present mortgage, if a resolution of the aforementioned RESPA violations cannot be made in a reasonable timeframe.

8. Because the basis of the transfer of the subject property to defendant Fargo and Federal  was by a voidable sheriff deed and, that if they so choos defendant Fargo can resolve this matter if they wish to do so, this request should be granted as a reasonable remedy for all parties involved and will not adversely affect the public interest.

23

Wherefore, Plaintiffs, Hadel Kama and Aseel Kama, respectfully request that this Court grant its Ex-Parte Motion for Temporary Injunction and issue a Temporary Restraining Order under MCR 3.310(B) against Defendant, Deutsche to stop the eviction proceedings until a hearing for a preliminary injunction can be held within the statuary time allowed.

Respectfully Submitted,

Michael A Reynolds (P 28540)

24

STATE OF MICHIGAN
SIXTEENTH CIRCUIT COURT
MACOMB COUNTY

HADEL KAMA
An Individual,
ASEEL KAMA
An Individual

        Plaintiffs,

-vs-

WELLS FARGO BANK, NA,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.,
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation.

        Defendants.

Case No.
Hon.

**10-0341-CK**

Michael A. Reynolds  (P 28540)
Attorney for Plaintiff
24684 Hathaway St.
Farmington Hills, MI 48335
(248) 536-5030

## AFFIDAVIT OF ASEEL KAMA

Hadel Kama and Aseel Kama States:

1. They have read the contents of their motion for injunctive relief and states that all of the allegations are true.

2. That they are the victim of mortgage fraud that resulted in improper transfer of their residential property and subsequent eviction claim made by defendant.

3. That during the terms of their mortgage agreement they have filed objections to their mortgagee, Fargo Bank and that they relied on promises made during the

25

negotiations that they would have a reasonable time to resolve the matter and remain in their property.

4. That a breach of those negotiations has occurred resulting in the claim of eviction by defendant, Federal National Mortgage Association for which they are requesting relief.

_Hadel Kama_
Hadel Kama

_Aseel Kama_
Aseel Kama

State of Michigan   )
County of Oakland)

    The foregoing instrument was acknowledged before me on this _22_ day of January, 2010 by Hadel Kama and Aseel Kama.

_____
Notary Public

Oakland County, Michigan
My Commission Expires

MAISOON EGLE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
MY COMMISSION EXPIRES APRIL 27, 2015
Acting in the County of



STATE OF MICHIGAN
SIXTEENTH CIRCUIT COURT
MACOMB COUNTY

HADEL KAMA
An Individual,
ASEEL KAMA
An Individual

**10-0341-CK**

      Plaintiffs,

Case No.
Hon.

-vs-

WELLS FARGO BANK, NA,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.,
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation.

      Defendants.
Michael A. Reynolds P28540
Attorney for Plaintiff
24684 Hathaway St.
Farmington Hills, MI 48335
248.536.5030

      /

## ORDER FOR TEMPORARY INJUNCTION AND ORDER TO SHOW CAUSE

At a session of said Court,
held in Macomb County Circuit
Court, Mt. Clemens, Michigan
on _____ 1/25/10 _____

Present: _____

On reading the Complaint and supporting affidavits of Hadel
Kama and Aseel Kama in this cause and on motion of and
determining that irreparable harm will result in the loss

27

of title to his property unless any further sale or eviction proceedings are restrained immediately without notice.

IT IS HEREBY ORDERED that Defendant Federal National Mortgage Association shall appear within 14 days on *Monday February 8* at *9 AM* to show cause why an injunction should not issue during the pendency of the action according to Plaintiff's motion.

IT IS FURTHER ORDERED that Defendant and all their agents shall be restrained from conducting any Eviction Proceedings or sale of the property at, 8823 Sunrise Drive, Unit #64, Sterling Heights, MI 48312, until further order of this Court.

IT IS FURTHER ORDERED that Plaintiff's personally serve a copy of this Temporary Restraining Order together with a copy of the Motion on the Defendant or their agent at least seven (7) days before the hearing date.

_____
Circuit Court Judge

Issued On:

Dated: _1-25-10_

At: _3:45_ p m

28

STATE OF MICHIGAN
SIXTEENTH CIRCUIT COURT
MACOMB COUNTY

HADEL KAMA
An Individual,
ASEEL KAMA
An Individual

       Plaintiffs,

-vs-

WELLS FARGO BANK, NA,
A foreign corporation,
ELECTRONIC REGISTRATION SYSTEMS, INC.,
A foreign corporation,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
A foreign corporation.

Case No.
Hon.   10 - 0 3 4 1 - C K



       Defendants.
_____
Michael A. Reynolds P28540
Attorney for Plaintiff
24684 Hathaway St.
Farmington Hills, MI 48335
248.536.5030
_____

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Plaintiff's Motion for Temporary Injunction should be granted for the following reasons:

## MICHIGAN COURT RULE

Pursuant to MCR 3.310 (B) Temporary Restraining Orders which states in relevant part:

    (1)    A temporary restraining order may be granted without written or oral notice to the adverse party or the adverse party's attorney only if:

    (a)    It clearly appears from specific facts shown by affidavit or by a verified complaint that immediate or irreparable injury, loss or damage will result to the applicant from the delay required to effect notice or from the risk that notice will itself precipitate adverse action before an order can be issued.

    (b)    The applicant's attorney certifies to the court in writing the efforts, if any, that have been made to give the notice and the reasons supporting the claims that notice should not be required; and

    (c)    A permanent record or memorandum is made of any non-written evidence, arguments, or other representations made in support of the application.

    (2)    A temporary restraining order created without notice must:

    (a)    be endorsed with the time and date of issuance;

    (b)    describe the injury and state why it is irreparable and state why the order was granted without notice;

    (c)    except in domestic relations actions, set a date for hearing at the earliest possible time on the motion for a preliminary injunction or order to show cause why a preliminary injunction should not be issued.

Plaintiffs, Hadel Kama and Aseel Kama have requested this motion because of the impending nature of his scheduled eviction date. Denial of his petition by this Court would cause irreparable harm to plaintiff, in that plaintiff would lose title and ownership of his primary residence. The loss of the property and possession thereof would limit plaintiff's ability to bring a proper action reclaiming his rightful ownership and create circuitous litigation claims with this court in an effort to restore plaintiff to his pre-judgment standing as legitimate owner of the subject property. Plaintiff's primary goal is to remain in the property for a reasonable time that would allow for resolution of this matter with the mortgagee Fargo and assignee Federal regarding its improper transfer of Plaintiff's property. The reasonable time granted by this Court serves the purpose of justice and would not violate public policy.

**STANDARD OF REVIEW**

In Fancy v Egrin 177 Mich App 714, 442 NW2d 765 the
Michigan Court of Appeals authored an opinion that
expressly defines the standard of review regarding
preliminary injunctions that stated in relevant part:

Injunctive relief is an extraordinary remedy. In *Michigan State Employees Ass'n v Dep't of Mental Health*, 421 Mich 152, 157-158; 365 NW2d 93 (1984), our Supreme Court listed a four-factor analysis by which to determine if a preliminary injunction should issue: 1) the likelihood that the party seeking the injunction will prevail on the merits; 2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued; 3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and 4) the harm to the public interest if the injunction is issued.

Furthermore, in *Bratton v DAIIE*, 120 Mich App 73, 79; 327 NW2d 396 (1982), this Court articulated the considerations which surround the decision to issue a preliminary injunction:

The grant or denial of a preliminary injunction is within the sound discretion of the trial court. *Grand Rapids v Central Land Co*, 294 Mich 103, 112; 292 NW 579 (1940); *Michigan Consolidated Gas Co v Public Service Comm*, 99 Mich App 470, 478; 297 NW2d 874 (1980). The object of a preliminary injunction is to preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either. *Gates v Detroit & M R Co*, 151 Mich 548, 551; [Page 720] 115 NW 420 (1908). The status quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *Steggles v National Discount Corp*, 326 Mich 44, 51; 39 NW2d 237 (1949); *Van Buren School Dist v Wayne Circuit Judge*, 61 Mich App 6, 20; 232 NW2d 278 (1975). The injunction should not be issued if the party seeking it fails to show that it will suffer irreparable injury if the injunction is not issued. *Niedzialek v Barbers Union*, 331 Mich 296, 300; 49 NW2d 273 (1951); *Van Buren School Dist, supra*, p 16. Furthermore, a preliminary injunction will not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits. *Epworth Assembly v Ludington & N R Co*, 223 Mich 589, 596; 194 NW 562 (1923). Finally, a preliminary injunction should not be issued where the party seeking it has an adequate remedy at law. *Van Buren School Dist, supra*, p 16.

Plaintiff posits that 1) based upon the merits of his case
and review of the facts presented in its Motion for
Temporary Restraining Order that this court will render an
opinion that is favorable to plaintiff and he will prevail.
As noted herein, 2) the plaintiff will suffer irreparable
harm if the motion is denied and the injunction is not
issued 3) granting injunctive relief by this court and the
fact that the defendant is currently not in possession of
the subject property, the reasonable time allowed by the
injunction to allow plaintiff to remain in the home and

33

resolve the outstanding RESPA violations made against its mortgagee, Fargo will not harm defendant whereas the harm to plaintiff will be irreparable and detrimental to them and their family 4) Injunctive relief granted to plaintiff in this matter will not based on the history of ordered relief to similarly situated parties will not violate or cause harm to public policy.

## RESPA VIOLATIONS AND RESPONSE TO QWR

Pursuant to RESPA (Real Estate Settlement Procedures Act) 12 USC 2601 as defined under the FDIC's laws and related acts that identifies the bank or mortgagor's response to a buyer's QWR (Qualified Written Request) which states in relevant part:

"(1) NOTICE OF RECEIPT OF INQUIRY.—

(A) IN GENERAL.—If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

(B) QUALIFIED WRITTEN REQUEST— For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2) ACTION WITH RESPECT TO INQUIRY.—Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

(3) PROTECTION OF CREDIT RATING.—During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 603 of the Fair Credit Reporting Act).

(f) DAMAGES AND COSTS.—Whoever fails to comply with any provision of this section shall be liable to the borrower..."

Plaintiffs have in good faith submitted proper documentation in the form of certified delivery of QWR's to mortgagee, Fargo and has yet to receive a response to their inquiries. The improper action taken by transferring subject property to defendant Federal serves as the basis for the claim his claim of eviction whereby plaintiffs, seek the only recourse available at this time to maintain ownership and possession of their property.

It is clear that Plaintiffs would be irreparably harmed if this Court does not grant their Motion for Temporary Restraining Order which would allow reasonable time to resolve this matter with his mortgagor, Deutsche regarding this matter that affects the conscious of the American mortgage lending industry and its primary customers including Plaintiffs.

Wherefore, Plaintiff, Hadel Kama and Aseel Kama respectfully requests this Court to grant its Motion for Temporary Restraining Order.

Respectfully submitted,

By: _____

Michael A. Reynolds P28540

35



# ZIMMERMAN & ASSOCIATES

### ATTORNEYS AT LAW

Wednesday, September 9, 2009

Writer's Direct Line: 954.202.7794
Private Fax: 954.678.3009
Email: jennifer@zimmermanlaw.com

<u>Via Certified Mail #7009 2250 0001 1589 6113</u>
<u>Return Receipt Requested</u>

Wells Fargo Home Mortgage
PO Box 14411
Des Moines, Iowa  50306-3411

Re:   <u>Discriminatory and Predatory Loan Claim</u>
Borrower: Hadel & Aseel Kama ("Borrower")
Last 4 Digits of Borrower SSN:  2837 (Hadel) / 4844 (Aseel)
Lender on HUD-1: Infinity Financial Corp. ("Lender")
Loan #:  0632013686 ("Loan")
Property Address:  8823 Sunrise Drive, #64, Sterling Heights, MI 48312
("Property")

Dear Sir or Madam:

This firm represents the Borrower in connection with the Loan.

Without limiting or prejudicing any of our client's rights or remedies, all of which are
expressly reserved, this letter is a good faith attempt to settle and compromise our client's
claims for discrimination, predatory lending, and other material violations of law against
you, the Lender, and other persons associated with the Loan.  In addition, this letter is a
demand for resolution.  This is not a confidential communication protected under the
rules of settlement disclosures and correspondence.

Based on a forensic audit of the Loan conducted by Loan Compliance Advisory Group,
LLC, it is apparent that the Loan transaction violates multiple federal and state laws,
including, but not limited to, the Real Estate Settlement Procedures Act ("RESPA"), the
Truth in Lending Act, the Fair Housing Act and the Equal Credit Opportunity Act.

Among other violations of our client's rights:

1. The audit reveals significant mortgage compliance violations involving predatory,
deceptive, discriminatory and unfair lending and servicing practices.

2. The audit shows the Loan was predatory in that Lender denied our client a loan
that our client had the ability to repay.

3. The Loan was made because of discrimination based on one or more of the following protected basis: race, national origin, sex, color, disability or age.

4. Multiple parties associated with the Loan were involved in the discriminatory conduct against our client, including, but not limited to, you, Lender, loan officers, mortgage brokers, mortgage originators, mortgage bankers, appraisers, settlement agents, investors, trustees, private mortgage service providers, credit default swap providers, custodians of documents, beneficiaries to the mortgage or deed of trust, and any and all other parties to a securitized trust or holder entity to which the Loan purportedly applies.

Upon discovering these violations, our client sent you a Qualified Written Request ("QWR") and QWR Addendum ("Addendum"), i.e. RESPA Form 69, along with documents supporting improper acts associated with the Loan. Copies were sent to the Lender and, if applicable, the originating mortgage broker for the Loan. You accepted delivery of these documents on January 10, 2009.

Under RESPA, you were required to acknowledge receipt within 20 business days and also to attempt to resolve the issues raised in the QWR and the Addendum within 60 business days. However, since you failed to make any such attempt, and since there has been no good faith effort to provide our client with a resolution offer or other proper or complete response regarding the Loan violations, our client filed complaints with the Office of the Comptroller of the Currency, the Office of Thrift Supervision, the Federal Reserve Board, and the Federal Trade Commission.

Despite the potential magnitude of our client's claims, our client is willing to settle this matter by entering into a Standstill or Settlement/Resolution Agreement binding on you, Lender, the holder and/or owner of our Borrower's promissory note, by no later than 5 business days after your certified receipt of this letter, on the following terms:

1. You, the Lender, holder and/or owner of the Borrower's promissory note shall immediately cease all collection activity, including foreclosure and eviction; cease and remove any negative credit reporting regarding this predatory loan; and release our client of the obligation to make any payments relating to mortgage liens against the Property under the note and mortgage.

2. You, the Lender, holder and/or owner of the Borrower's promissory note shall place our client into a fully affordable mortgage repayment plan based on the fact the Debt to Income (DTI) ratio for this Loan exceeded 50% at time of settlement. The Industry underwriting standards allow a maximum ratio of housing expense to income of 31% or less.

3. You, the Lender, holder and/or owner of Borrower's promissory note shall provide an acceptable resolution offer to restructure/recast the note secured by a

*Wednesday, September 9, 2009*
*Page 3 of 3*

mortgage or deed of trust. The acceptable resolution offer shall include a change in the current loan program based on non-affordability as stated in the preceding paragraph. The restructured/recast note shall reflect a fully amortizing, fixed-rate loan, with a combined mortgage principal balance of not more than $45,000 (90% of the BPO/CMA furnished by our client), a reduction in monthly payment, a new payment term, and a modified mortgage maturity date.

4. You, the Lender, holder and/or owner of Borrower's promissory note shall provide our client with the servicing log, the life of loan history, and proof of debt validity. In addition, pursuant to 15 U.S.C § 1641, Liability of an Assignee, you shall disclose the true and current ownership of the Borrower's promissory note and mortgage, as previously demanded in the QWR/QWR Addendum referenced above.

Our firm and Loan Compliance Advisory Group, LLC have presented you and your representatives with proper notice of the issues described in this letter numerous times. In each instance, we gave you ample time to respond, yet you have failed to do so.

If you are interested in discussing settlement, please contact us immediately. If we do not hear from you or if we are unable to resolve this matter within 5 business days after your receipt of this letter, we will consider this a denial of our client's request to restructure/recast this predatory loan and our client will feel at liberty to take such further action as our client may deem appropriate, without courtesy of further notice to you.

This letter does not purport to be a full statement of our client's position in this matter, and it is written without limitation of or prejudice to any of our client's rights or remedies, all of which are expressly reserved.

Sincerely,

Jennifer DeMarzo Casso

cc:   Hadel & Aseel Kama
Office of the Comptroller of the Currency
Office of Thrift Supervision
Federal Reserve Board
Federal Trade Commission
Loan Compliance Advisory Group
Michigan Assets
HUD
Trustee
Kurt D. Zimmerman, Esq.



LOAN COMPLIANCE
ADVISORY GROUP LLC

Concord Pike • Wilmington, DE 19803
800-529-7184
web: www.loancomplianceadvisorygroup.com
email: admin@loancomplianceadvisorygroup.com

# Official Qualified Written Request (QWR)

**SENT:** 01/05/2009 – U.S. Postal Service/Certified Mail/Return Receipt: <u>7008 2810 0000 6778 4046</u>

**TO:** Wells Fargo Home Mortgage
P.O. Box 14411
Des Moines, Iowa 50306-3411

Date of Written Request: 01/05/2009

**ATTN: Customer Service/Consumer
Department: Qualified Written Request**

**CC:** **Infinity Financial Corporation
600 Hunter Drive, Suite 220
Oak Brook, Illinois 60523**

**I am writing because:**

**Of all the issues described in the attached Complaint with Exhibits attached.**

I understand that under Section 6 of RESPA you are required to acknowledge my request within 20 business days and must try to resolve the issue within 60 business days.

**RESPOND TO:** <u>Joseph Bisogno</u> – Senior Vice President of Loan Compliance Advisory Group
On Behalf of *Hadel Kama and Aseel Kama (*Borrower Certification/Authorization Form Enclosed)
Phone Number: (888) 883-5224          Email: <u>JBisogno@loancomplianceadvisorygroup.com</u>

*(Hadel Kama and Aseel Kama are clients of Michigan Assets Recovery Services Company located at 6974 Omar Court, Troy, Michigan 48098) Telephone (248) 755-1670
(Borrowers Authorization Enclosed)*

Complainant(s): Hadel Kama and Aseel Kama
 Social Security Number: <u>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 (Hadel)  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 (Aseel)</u>

Property Location: 8823 Sunrise Drive, Unit #64, Sterling Heights, Michigan 48312-3624

Loan Account Number: <u>0632013686</u>

Loan Number: Per Settlement Statement: 999930073

LOAN COMPLIANCE
ADVISORY GROUP LLC

Concord Pike • Wilmington, DE 19803
800-529-7184
web: www.loancomplianceadvisorygroup.com
email: admin@loancomplianceadvisorygroup.com

Settlement Agent: Fidelity Title Company Located in Bingham Farms, Michigan 48025
File Number: 04-0098

**DESCRIPTION OF THE COMPLAINT**: Deceptive Lending Practices Stated Herein:

*Non-Disclosed Broker, Lender and 3rd Party Fees.* Per the Enclosed U.S. Department of Housing and Urban Development (HUD-1) Settlement Statement (Exhibit 101) showing a settlement date of 04/23/2004, Hadel Kama and Aseel Kama entered into a 1st mortgage transaction with Infinity Financial Corporation (Lender). The enclosed Settlement Statement shows a Line 803 Appraisal fee paid to Mortgage Institute of Michigan in the amount of $250.00, a Line 805 Processing Fee paid to Mortgage Institute of Michigan in the amount of $500.00, a Line 806 Administrative Fee paid to Infinity Financial Corporation in the amount of $895.00, and a Line 810 Yield Spread Premium paid (POC) to Mortgage Institute of Michigan in the amount of $2,311.00. These Fees totaling $3,956.00 were never properly disclosed to the Borrowers. Mortgage Lenders have an obligation to provide a Good Faith Estimate of the Closing Costs that will be due at time of settlement. This Estimate is required per RESPA (Federal Real Estate Procedures Act).

Enclosed find tax documents for 2003 + 2004 showing the borrowers' average monthly income to be $986.95.

Enclosed find (Exhibit 202) the Uniform Residential Loan Application (form 1003) for this transaction prepared by interviewer Belinda Johnson of Infinity Financial Corporation. This interview was conducted via mail. To determine if all required state and federal disclosures were sent to borrowers within 3 days of application, please provide a copy of the borrowers' credit report. The credit report date is needed to determine the real application date and if disclosures were timely. The interviewer placed an *inflated* figure of $3,206.66 as the borrowers' total monthly gross income on this enclosed 1003. The interviewer also placed a figure of $1,259.32 as the proposed combined monthly housing expenses. The interviewer also placed a figure of $787.00 as Total Monthly Payments for other monthly recurring liabilities.

The minimum Debt to Income (DTI) for this transaction is 207.33%. The borrowers were placed into a *non-affordable* mortgage program. The Deceptive Lending Practices stated herein have potentially placed the borrowers in a position to lose their home.

Enclosed find QWR Addendum "A", please respond to all questions stated herein.

All of the documents requested and stated herein are needed to determine if disclosures were provided to the borrowers within timeline guidelines.



LOAN COMPLIANCE
ADVISORY GROUP LLC

7 Concord Pike • Wilmington, DE 19803
800-529-7184
web: www.loancomplianceadvisorygroup.com
email: admin@loancomplianceadvisorygroup.com

The Borrowers have authorized our group to file complaints with several regulatory groups, including but not limited to the Office of Consumer and Regulatory Affairs in Washington, DC, the Office of Thrift Supervision, the Federal Trade Commission (FTC), the Federal Reserve Board, and State Banking Department. The Borrowers were advised that Wells Fargo Home Mortgage and Infinity Financial Corporation should be given the time allotted by RESPA (Federal Real Estate Settlement Procedures Act) to review and investigate the facts contained herein, prior to sending out complaints regarding the Deceptive Lending Practices stated herein to the regulatory groups listed within this Official Written Request. The borrowers were also advised to continue making monthly payments during this process.

## PROPOSED PRELIMINARY RESOLUTIONS:

1) Provide validity and proof of debt and the name of the original creditor.
2) Respond to QWR Addendum "A" and answer all questions stated herein.
3) If determined that disclosures were not provided to the borrowers timely and properly, refund all broker/lender and 3rd party feed listed in the (800) fee section of the enclosed settlement statement totaling $3,956.00 to the borrowers.
4) Provide the Loan Sale and/or Servicing Agreements for this transaction.
5) Provide name and address of Note holder.
6) Please investigate all the facts stated herein and provide the borrowers with options to have this loan restructured to a fully amortizing fixed rate *affordable* loan, based on income documents provided by the borrowers and stated herein.
7) Provide the underwriting guidelines used to determine loan program affordability.
8) Provide the *Borrowers* with copies of all signed closing and disclosure documents in your possession, including the residential loan applications signed by the borrowers for this transaction.
9) Provide the final HUD-1 Settlement Statement.
10) Provide a signed and executed copy of the mortgage and note.
11) Provide the completed appraisal used for this transaction.
12) Provide a copy of Borrowers' Credit Reports.
13) Provide proof of mailing for all disclosures on this transaction.
14) Provide the Lenders closing instructions to the settlement agent.
15) Provide the income documentation used for this transaction.
16) Provide the *Borrowers* with a breakdown of all payments received to date from Lender since the inception of this mortgage loan, detailing amounts applied to principal and/or interest.
17) Provide an accounting detailing all late fees, *negative amortization* and any/all costs associated with this transaction.
18) Provide a copy of the Broker/Lender Agreement for this transaction.
19) Provide a complete detailed breakdown regarding escrows.
20) Provide a copy of all disbursements (to include all 3rd party invoices) at settlement.
21) Provide copy of Lenders Private Mortgage Insurance Policy, if used for this transaction.
22) Provide copy of Credit Default Swaps (CDS) contract if used for this transaction.
23) Section 6 of RESPA also provides for damages and costs for individuals in circumstances where servicers are shown to have violated the requirements of Section 6.

LOAN COMPLIANCE
ADVISORY GROUP LLC
Case 2:10-cv-10514-GER-DAS Document 1 Filed 02/08/10 Page 58 of 58
Concord Pike • Wilmington, DE 19803
800-529-7184
web: www.loancomplianceadvisorygroup.com
email: admin@loancomplianceadvisorygroup.com

The Real Estate Settlement Procedures Act (RESPA) is a consumer protection statute, first passed in 1974. One of its purposes is to help consumers become better shoppers for settlement services. Another purpose is to eliminate kickbacks and referral fees that increase unnecessarily the costs of certain settlement services. RESPA requires that borrowers receive disclosures at various times. Some disclosures spell out the costs associated with the settlement, outline lender servicing and escrow account practices and describe business relationships between settlement service providers.

RESPA also prohibits certain practices that increase the cost of settlement services. Section 8 of RESPA prohibits a person from giving or accepting any thing of value for referrals of settlement service business related to a federally related mortgage loan. it also prohibits a person from giving or accepting any part of a charge for services that are not performed. Section 9 of RESPA prohibits home sellers from requiring home buyers to purchase title insurance from a particular company.

Generally, RESPA covers loans secured with a mortgage placed on a one-to-four family residential property. These include most purchase loans, assumptions, refinances, property improvement loans, and equity lines of credit. HUD's Office of Consumer and Regulatory Affairs, Interstate Land Sales/RESPA Division is responsible for enforcing RESPA.

ATTACHMENTS:
QWR ADDENDUM "A"
HUD-1 SETTLEMENT STATEMENT – EXHIBIT 101
UNIFORM RESIDENTIAL LOAN APPLICATION – EXHIBIT 202
BORROWER 2003 + 2004 TAX DOCUMENTS
WELLS FARGO HOME MORTGAGE MONTHLY STATEMENT
RESPA OFFICIAL QUALIFIED WRITTEN REQUEST
BORROWERS CERTIFICATION/AUTHORIZATION FORM
EXHIBITS OF DOCUMENTED FINDINGS
CERTIFIED MAIL RECEIPT COPY

I understand that under Section 6 of RESPA you are required to acknowledge my request within 20 business days and must try to resolve the issue within 60 business days.


_Joseph Bisogno_                                          1/05/2009
Joseph Bisogno                                               Date
*Senior Vice President*
**Loan Compliance Advisory Group**
**On Behalf of** *Hadel Kama and Aseel Kama*
*Borrowers Certification/Authorization Enclosed*


Page 4 of 4