# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**HADEL KAMA An Individual,**
**ASEEL KAMA, An Individual,**

      **Plaintiffs,**                       Case No. 10-10514

vs.                                            HONORABLE DENISE PAGE HOOD

**WELLS FARGO BANK, A**
Foreign Corporation, **ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**
A Foreign Corporation, **FEDERAL**
**NATIONAL MORTGAGE**
**ASSOCIATION, A Foreign Corporation**

      **Defendants.**

_____

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment **[Docket No. 17, filed on August 18, 2010]**. On August 19, 2010, Defendants filed a Motion to Strike Motion to Dismiss or, in the Alternative, for Summary Judgment **[Docket No. 18]**. On September 7, 2010, Defendants filed a notice withdrawing their previously filed Motion to Strike **[Docket No. 20]**. Plaintiffs did not file a response, nor did Plaintiffs or their counsel appear for oral argument.

**II. STATEMENT OF FACTS**

Plaintiffs financed the purchase of their home on April 23, 2004. The loan was originated by Infiniti Financial Corporation, and Mortgage Electronic Registration Systems, Inc.

1

(MERS) was listed as the nominee. At the time of the loan origination, Plaintiffs represented that all information provided within the loan application was true and accurate, and they received and read the various literature provided to them regarding the loan. Subsequently, Plaintiffs acknowledged that their monthly payments would be made in the amount of $1,108.40.

In March 2008, Plaintiffs defaulted on the loan by failing to make their monthly payment. Plaintiffs never cured the default, and Defendants allegedly accelerated all sums due under the loan, and began foreclosure proceedings. Plaintiffs allege that they were billed with exorbitant charges, and sent out various administrative complaints in objection to the proceedings, to which they received no response.

On June 27, 2008, after four weeks of publication and the posting of a notice of foreclosure, Plaintiffs' property was sole at a Sheriff's sale and a Sheriff's deed was executed to Wells Fargo Bank. Subsequently, the Bank quitclaimed the property to Fannie Mae.

### III. STANDARD OF REVIEW

#### A. Motion for Summary Judgment

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *See Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other

documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *See Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *See Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

## IV. ANALYSIS

Plaintiffs' eleven-count Complaint alleges various illegal acts by Defendants in connection with a mortgage originated in April of 2004. Defendants now file a Motion for Summary Judgment/Motion to Dismiss. Despite the passage of almost two months since Defendant initially filed the motion, Plaintiffs have failed to respond, as required by E. D. Mich. LR 7.1(d)(1)(B). Based on Plaintiffs' Complaint and Defendants' motion, this Court finds that Defendants' motion is granted.

### A. Counts I, II, IV, and VIII

In Count I, Plaintiffs request a temporary injunction, enjoining Defendants from

3

foreclosing on Plaintiffs and executing eviction proceedings until this matter is adjudicated. In Count II, Plaintiffs allege a violation of Michigan's Foreclosure by Advertisement Statute, citing M.C.L. § 600.3212. In Count IV, Plaintiffs request that this Court grant quiet title relief as to Defendants. In Count VIII, Plaintiffs claim that promissory estoppel prevents Defendants from foreclosing Plaintiffs.

As each of these claims relate directly to the property at issue, they will be analyzed together.

Defendants first argue that Plaintiffs lack standing to make claims with respect to the property, as the foreclosure sale has already taken place and the redemption period following the sale has expired. Indeed, under Michigan law, "[o]nce the redemption period expire[s], all of plaintiff's rights in and title to the property [are] extinguished." *See Overton v. Mortgage Electronic Registration Systems*, 2009 WL 150732, *2 (Mich. App. 2009) *quoting Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187) (1942).

Defendants provide a Sheriff's affidavit, signed by Suzanne Meli, Deputy Sheriff for Macomb County. This affidavit verifies that Defendants properly posted notice of and conducted a Sheriff's sale of the property on June 27, 2008. Plaintiffs made no effort to stay or challenge the foreclosure sale. In Michigan, a plaintiff's redemption period extends four months after the date of the sale. *See Overton* 2009 WL 150732 at 2. The only exception for a mortgage foreclosed by advertisement is where plaintiffs have made "a clear showing of fraud or irregularity." *Id*. *quoting Schulthies v .Barron*, 16 Mich. App. 246, 247-248 (1969). To date, Plaintiffs have not made such a showing. Plaintiffs have only stated that they never received notice of the sale. As stated above, Defendants properly posted notice of the sale. In this case, Plaintiffs' redemption period ended December 27, 2008. On December 27, 2008, Plaintiffs'

4

property rights extinguished. As there exists no genuine issue of material fact, summary judgment is appropriate with respect to Counts I, II, IV, and VIII.

B.     **Count III**

In Count III, Plaintiffs allege that Defendants are not the holders of the mortgage, and therefore conducted an illegal sale of the property. Plaintiffs cite M.C.L. § 440.3305(3), "[a]n obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument." As Defendants note, § 440.3305 is part of Michigan's enactment of the uniform commercial code and applies exclusively to personal property, not real property. This statute does not apply to the instant case, and Defendants are entitled to summary judgment as a matter of law.

C.     **Count V and IX**

Count V alleges civil conspiracy. Plaintiffs claim that Defendants, *inter alia*, overcharged Plaintiffs' account, failed to advise Plaintiffs of the nature of the loan, and conspired through the use of the United States Mail to transfer property to their ownership. In Count IX, Plaintiffs allege Defendants breached a contract with them by assessing allegedly illegal charges and fees beyond what was provided for in the initial contract.

Plaintiffs' Complaint fails to meet the pleading standards required by Fed. R. Civ. P. 8. The allegations contain mere legal conclusions, and lacks facts to demonstrate conspiracy or breach of contract. As the Supreme Court has stated, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-1951 (2009). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Counts V and IX must be dismissed without prejudice.

  **D.**  **Count VI**

  In Count VI, Plaintiffs claim that Defendants made misrepresentations regarding the loan at the time of the loan origination. None of the named Defendants, however, were involved in the loan origination. MERS is recorded on the mortgage only as a "nominee." No other Defendants appear on the face of the mortgage. A plaintiff cannot state a claim for relief where the defendant was not involved in the origination of the mortgage loan, and could not have made the alleged misrepresentations giving rise to plaintiff's claims. *See Swarich v. OneWest Bank, FSB*, 2009 WL 4041947, *5 (E.D. Mich. 2009). Count VI must be dismissed.

  **E.**  **Count VII**

  In Count VII, Plaintiffs claim Defendants engaged in fraudulent conversion through an "attempted deprivation of property rights." Complaint ¶ 51. Plaintiffs allege no facts of actual conversion. Conversion is defined as "any distinct act of dominion wrongfully exerted over

6

another's personal property in denial of or inconsistent with his rights therein." *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438 (1960). In addition to Plaintiffs' failure to allege facts of conversion beyond mere "attempts," conversion applies only to personal property, not to real property. Count VII must be dismissed, as Plaintiffs have failed to state a claim upon which relief may be granted.

### F. Count VIII

In Count VIII, Plaintiffs make a claim of promissory estoppel. To the extent Plaintiffs' promissory estoppel claim is premised on alleged promises made at the time at which the loan was originated, Plaintiffs' claim fails. As discussed above, Defendants had no involvement in the loan origination process.

Plaintiffs also claim Defendants induced them into believing that sale by advertisement would not take place while the parties were negotiating payment of the loan. Complaint ¶ 54. Plaintiffs allege that, in reliance on Defendants' promise, Plaintiffs did not take action to stop the foreclosure sale. As in Counts I, II, IV, and VIII, Plaintiffs' property rights have been extinguished, as the redemption period has expired. As Defendants argue, this claim would also fail under the Statute of Frauds. Under M.C.L. § 566.132(2), "[a]n action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institutions unless the promise or commitment is *in writing* and signed with an authorized signature by the financial institution." (emphasis added). The promises contained within the statue include promises to make any financial accommodation, and promises to permit a delay in repayment or performance of a loan. Plaintiffs do not allege that any promises regarding loan modification were made in writing. Defendants are entitled to judgment as a

matter of law.

G.  **Count X**

Count X alleges a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (RESPA). Plaintiffs claim Defendants failed to respond to Plaintiffs' written request for validation, written request for a QRW investigation, and correction of their account. Defendants argue that this claim is without merit, as Defendants provided responses to Plaintiffs' written requests. *See* Exs. 20 and 22. This Court agrees. Plaintiffs also allege Defendants have violated RESPA by failing to report to credit reporting agencies that Plaintiff was overdue and delinquent. Plaintiffs have not demonstrated that a genuine issue of material fact exists as to either of these issues, and summary judgment without prejudice is appropriate on this count.

H.  **Count XI**

Count XI alleges a violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. Plaintiffs allege that they were "discriminated against by taking members of their class and applying for non-affordable loans from an application that falsely used inflated income to conceal a higher debt to income ratio." Complaint ¶ 84. Plaintiffs' claim alleges no specific facts that could possibly constitute a violation of the Fair Housing Act. Count XI must be dismissed.

V.  **Conclusion**

**IT IS ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment **[Docket No. 17, filed on August 18, 2010]** is **GRANTED**.

**IT IS ORDERED** that Counts V, IX, X, and XI are **DISMISSED without prejudice**. Counts I, II, III, IV, VI, VII, and VIII are **DISMISSED with prejudice**.

s/ DENISE PAGE HOOD
Denise Page Hood
Dated: October 29, 2010             United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager